IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MEGAN WEST, as Parent and Legal Guardian of E.W., a Minor, | ) ) ) | Case No: |
| Plaintiff, | ) ) | |
| v. | ) ) | JUDGE: |
| VERMILION LOCAL SCHOOL DISTRICT BOARD OF EDUCATION 1250 Sanford Street Suite A, Vermilion, Ohio 44089 | ) ) ) ) ) ) | |
| and | ) ) | |
| DAVID HILE, Individually and in his Official Capacity as Superintendent of Vermilion Local School District 1250 Sanford Street Suite A, Vermilion, Ohio 44089 | ) ) ) ) ) ) | |
| and | ) ) | |
| ANDREW PERRY, Individually and in his Official Capacity as Principal of Vermilion High School 1250 Sanford Street Vermilion, Ohio 44089 | ) ) ) ) ) ) | |
| and | ) ) | |
| ELIZABETH BAKER, Individually and in her Official Capacity as a General Administrative Assistant for Vermilion High School 1250 Sanford Street Vermilion, Ohio 44089 | ) ) ) ) ) ) ) | |
| and | ) ) | |
| TARA HERRON 240 Morton Road Vermillion, Ohio 44089 | ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**
**(Jury Trial Demanded)**

NOW COMES Plaintiff, Megan West, as Parent and Legal Guardian of E.W., a minor, by and through undersigned counsel, and for her cause of action against the Defendants, Vermilion Local School District Board of Education ("VLSD"), David Hile, Andrew Perry, Elizabeth Baker, and Tara Herron states the following:

**JURISDICTION**

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4), as well as the Fourteenth Amendment of the United States Constitution.

2. Supplemental jurisdiction over Plaintiff's state law claims is invoked pursuant to 28 U.S.C. § 1376 as the claims arise out of the same transaction and occurrences as Plaintiff's federal claims.

3. The events giving rise to this lawsuit occurred in Erie County, Ohio, which is located in the Northern District of Ohio.

4. Venue is proper in the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. § 1391 (b)(2), as the events giving rise to Plaintiff's claims occurred in this jurisdiction.

**PARTIES**

5. Plaintiff is an individual who resides in Erie County, Ohio.

6. Plaintiff is the biological mother of E.W., a minor child.

7. Defendant Vermilion Local School District Board of Education is, and was at all relevant times, the governing body for Vermilion Local School District ("VLSD"). Pursuant to R.C. § 3313.17, "the board of education of each school district shall be a body politic and corporate, and, as such, capable of suing and being sued."

8.    VLSD is, and was at all times relevant herein, a public-school district incorporated under the laws of the State of Ohio, located in Erie County, Ohio.

9.    At all material times, Defendant David Hile, in his official capacity as Superintendent of VLSD, was an agent and/or employee of VLSD, acting within the scope, course, and authority of his employment and/or agency and within the scope, course, and authority of his employer and/or agency.

10.    At all material times, Defendant Andrew Perry, in his official capacity as Principal of Vermilion High School, was an agent and/or employee of VLSD, acting or failing to act within the scope, course, and authority of his employment and/or agency and within the scope, course, and authority of his employer and/or agency.

11.    At all material times, Defendant Elizabeth Baker, in her official capacity as a General Administrative Assistant for Vermilion High School, was an agent and/or employee of VLSD, acting or failing to act within the scope, course, and authority of her employment and/or agency and within the scope, course, and authority of her employer and/or agency.

12.    Defendant Herron is an individual who resides in Lorain County, Ohio.

**FACTUAL ALLEGATIONS**

13.    During the 2025-2026 school year, E.W. was a new student at Vermilion High School.

14.    While enrolling E.W. into VLSD, Plaintiff provided Vermillion High School with a photocopy of her identification and other identifying information. Upon information and belief, this information was to be used, in part, to help staff at Vermillion High School confirm Plaintiff's identity in the event Plaintiff or someone else attempted to gain access to the school or to E.W.

15. On the morning of September 2, 2025, Plaintiff drove E.W. to Vermilion High School prior to the start of her daily classes.

16. At some point during the day, Defendant Tara Herron ("Herron") arrived at the school with the intent and purpose of removing E.W. from the school and without the authority to do so.

17. After arriving at the school, Herron spoke with Defendant Baker and fraudulently purported to be E.W.'s mother.

18. Upon information and belief, at the time of this incident, VLSD had a policy requiring parents and other visitors to present identification, which would be cross-referenced with a photograph of the parent on file, or otherwise confirm their identity to ensure that students were not released to non-parental adults without prior notification.

19. Upon information and belief, consistent with the aforementioned policy, Baker asked Herron to provide identification, to which Herron responded that she forgot her ID at home.

20. Baker took no additional steps to confirm Herron's ID, nor did she attempt to verify Herron's identity using the ID VLSD had on file for Plaintiff.

21. Despite having no identification, Baker permitted Herron to withdraw E.W. from school for the day.

22. After leaving the school building, E.W. and Herron drove to Herron's home, where Herron had E.W. clean her house, before driving to Crocker Park in Westlake, Ohio.

23. While driving to Crocker Park, Herron gave E.W. a marijuana e-cigarette.

24. At no time did the VLSD or any other Defendant contact Plaintiff or notify her of E.W.'s absence.

4

25.     Upon learning that Herron removed E.W. from school, Plaintiff and E.W.'s father went to the high school to report the incident to the administration.

26.     Present for this conversation was Defendant Perry ("Perry"), School Resource Officer Kenzie Chandler ("Chandler"), and a School Counselor.

27.     At this time, the school administrators obtained E.W.'s and Plaintiff's written statements regarding the events of September 2, 2026.

28.     While E.W. and Plaintiff were giving their statements, Defendant Perry and Officer Chandler asked E.W. whether she was aware of what "grooming" was. Defendant Perry and Chandler told E.W. and Plaintiff that they believed this incident was a case of "grooming."

29.     Upon E.W.'s return to school, she was informed that she would be placed in in-school detention for multiple days for leaving the school with an adult other than her parents. This punishment was imposed by Defendant Perry.

30.     After Plaintiff and E.W. reported the incident, Assistant Principal Burris brought E.W. into the Principal's Office and forced her to apologize to Baker. E.W. was told that Baker was "great" and "did not deserve to be placed in this situation."

31.     In essence, Defendants' response to Baker's harmful conduct was to blame the victim, E.W.

32.     As a result of Herron's conduct, she was criminally charged in the Erie County Court of Common Pleas, case number 2025 CR 0424.

33.     On or about June 16, 2026, Defendant Herron pled guilty to the charge of Identity Fraud, a felony of the fifth degree. Herron was sentenced to, among other things, 30 days in the Erie County Jail.

**COUNT I:**
**Violation of 42 U.S.C. § 1983 – State Created Danger**
**(Against Defendants Hile, Perry, and Baker, in their Individual Capacities)**

34.     Plaintiff incorporates all previous paragraphs and allegations as if fully rewritten and replead herein and further states as follows.

35.     Defendants have, under color of law, deprived E.W. of rights, privileges, and immunities secured to her by the United States Constitution, including the right to due process under the Fourteenth Amendment, and specifically the right to be free from affirmative actions that directly increase E.W.'s vulnerability or otherwise place her in danger and take away her parent's ability to protect her.

36.     Defendants acted with deliberate indifference by releasing E.W. to Herron despite several procedures in place to prevent situations like these.

37.     Despite being aware of the risks associated with allowing E.W. to leave with a non-parental adult, the Defendants intentionally, recklessly, or with deliberate indifference, disregarded internal policies and procedures and allowed E.W. to leave with Herron.

38.     Defendants' decision was made in bad faith or in a wanton or reckless manner, amounting to deliberate indifference to E.W.'s safety and well-being.

39.     As a direct result of Defendants' decision not to comply with or enforce their own policies, E.W. was left vulnerable to Herron's actions.

40.     Defendants' denial of E.W.'s constitutional rights caused E.W.'s pain and suffering, including, but not limited to, humiliation, depression, educational impacts, medical expenses for inpatient treatment, anxiety, and fear.

41.     As a direct and proximate result of Defendants' actions, E.W. has suffered damages and continues to suffer damages for which Defendants are liable.

6

**COUNT II:**
**Negligence**
**(Against VLSD and All Individual Defendants, in their Individual Capacities)**

42. Plaintiff incorporates all previous paragraphs and allegations as if fully rewritten and replead herein and further states as follows.

43. Defendants VLSD, Hile, Perry, and Baker had a duty to protect E.W. from a non-parental adult who removed her from their campus under their watch on September 2, 2025.

44. Defendants VLSD had a duty to ensure that students, including E.W., were not permitted to be removed from campus by unauthorized individuals.

45. Defendants VLSD, Hile, Perry, and Baker had an affirmative duty to ensure that students, like E.W., were safe from known dangers, including allowing unknown adults to remove students from their campus.

46. Defendants VLSD, Hile, Perry, and Baker had knowledge of the threat to students' safety when releasing children to non-parental adults. Insofar as VLSD had put policies and procedures in place to avoid precisely the incident seen here.

47. Defendant Herron had a duty to refrain from harming Plaintiff and E.W., which included a duty not to provide drugs and/or alcohol to E.W.

48. As a result of the September 2, 2025 incident, E.W. has missed school on multiple occasions due to mental health issues and fears of retaliation stemming from the Defendants' response to the incident.

49. Defendants VLSD, Hile, Perry, and Baker's action of allowing Herron to remove E.W. from the High School constitutes a breach of their duty.

50. Defendant Herron's action of unlawfully removing E.W. from school and providing her with drugs and/or alcohol constitutes a breach of her duty.

7

51.     Defendants' acts or omissions were in bad faith, with malicious purpose, or in a wanton or reckless manner.

52.     Defendants' breach caused E.W. pain and suffering, including, but not limited to, humiliation, depression, educational impacts, medical expenses for inpatient treatment, anxiety, and fear.

53.     As a direct and proximate result of Defendants' negligence, E.W. has suffered damages and continues to suffer damages for which Defendants are liable.

**COUNT III**
**Civil Liability For Criminal Acts Under Ohio Revised Code § 2307.60(A)(1), And, Including, But Not Limited To, Ohio Revised Code § 2919.24 (Contributing to unruliness or delinquency of a child)**
**<u>(Against Defendant Herron)</u>**

54.     Plaintiff incorporates all previous paragraphs and allegations as if fully rewritten herein.

55.     Under Ohio Revised Code § 2307.60(A)(1), "Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action," including attorneys' fees and punitive damages.

56.     Ohio Revised Code § 2919.24 provides, in part that "no person shall aid, abet, induce, cause, encourage, or contribute to a child becoming an unruly child or a delinquent child.

57.     By impersonating Plaintiff for the purpose of removing E.W. from school, as well as providing her drugs and alcohol, Herron has violated Ohio Revised Code § 2919.24.

58.     Defendant's violation of Ohio Revised Code § 2919.24, to wit, Contributing to unruliness or delinquency of a child, was a direct and proximate cause of Plaintiff's injuries.

59. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer both economic and non-economic damages for which Defendant is liable under Ohio Revised Code § 2307.60(A)(1).

**COUNT IV**
**Civil Liability For Criminal Acts Under Ohio Revised Code § 2307.60(A)(1), And, Including, But Not Limited To, Ohio Revised Code § 2913.49 (Identify fraud)**
**(Against Defendant Herron)**

60. Plaintiff incorporates all previous paragraphs and allegations as if fully rewritten herein.

61. Under Ohio Revised Code § 2307.60(A)(1), "Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action," including attorneys' fees and punitive damages.

62. Ohio Revised Code § 2913.49 provides, in part that "without the express or implied consent of the other person, shall use, obtain, or possess any personal identifying information of another person with intent to do either of the following: hold the person out to be the other person."

63. By impersonating Plaintiff for the purpose of removing E.W. from school, as well as providing her drugs and alcohol, Herron has violated Ohio Revised Code § 2913.49.

64. Defendant's violation of Ohio Revised Code § 2913.49, to wit, Identify fraud, was a direct and proximate cause of Plaintiff's injuries.

65. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer both economic and non-economic damages for which Defendant is liable under Ohio Revised Code § 2307.60(A)(1).

**COUNT V:**
**Loss of Consortium**
**(Against All Defendants)**

9

66.     Plaintiff adopts and incorporates all previous paragraphs and allegations as if fully rewritten herein.

67.     As a result of the wrongful acts of Defendants, contained herein, Plaintiff Megan West has suffered and will continue to suffer loss of consortium, loss of society, affection, assistance, and parental fellowship of her daughter.

68.     All damages set forth above were directly and proximately caused by Defendants' wrongful acts.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A.  Award Plaintiff compensatory damages in an amount to be shown at trial;

B.  Award Plaintiff punitive damages in an amount to be shown at trial;

C.  Award Plaintiff reasonable attorneys' fees, costs, and disbursements;

D.  Award pre and post judgement interest; and

E.  Grant Plaintiff such additional relief as the Court deems just a proper.

Respectfully Submitted,

*/s/ Tyler J. Walchanowicz*
Eric F. Long (0093197)
Tyler J. Walchanowicz (0100115)
Friedman Nemecek Long & Grant, L.L.C.
The IMG Center
1360 E. 9th Street, Suite 650
Cleveland, OH 44114
T: (216) 928-7700
F: (216) 820-4659
efl@fanlegal.com
tjw@fanlegal.com

10